In re Peggy **HARDGE–HARRIS**, Respondent.

No. 74422.

Supreme Court of Missouri, En Banc.

Jan. 26, 1993.

Alan D. Pratzel, L. Cartan Sumner, Jr., St. Louis, for informant.

Peggy Hardge–Harris, pro se.

## ORIGINAL DISCIPLINARY PROCEEDING

THOMAS, Judge.

Disciplinary proceedings by the Bar Committee of the Twenty–Second Judicial Circuit of Missouri were brought against Peggy Hardge–Harris under Missouri Supreme

Court Rules 4 and 5. The information contains two counts. Count I charges Hardge–Harris with violating Rules 1.1, 1.3, and 3.2[1] requiring competent and diligent representation of a client's interests. Count II states that Hardge–Harris violated Rules 8.1 and 8.4 requiring every lawyer charged in a disciplinary matter to, among other things, respond to any lawful demand for information from the discipline committee.

■ This Court appointed the Honorable Timothy J. Patterson as Master to take evidence, to make findings of fact, and to make conclusions of law. The Master concluded that there was no violation of the rules under Count I because Hardge–Harris' client was not prejudiced by her actions. Under Count II, the Master concluded that Hardge–Harris violated Rules 8.1 and 8.4 and recommended that Hardge–Harris be reprimanded. The Master also noted that Hardge–Harris was reprimanded by this Court in 1986. *See In re Hardge,* 713 S.W.2d 503 (Mo. banc 1986). The findings, conclusions, and recommendations of the Master in an attorney discipline proceeding are advisory only. This Court uses a *de novo* standard of review. This Court must judge for itself the credibility, weight and value of the testimony of witnesses and reach its own conclusions of law. *In re Lavin,* 788 S.W.2d 282, 283 (Mo. banc 1990); *In re Kopf,* 767 S.W.2d 20, 21 (Mo. banc 1989); *In re Hardge,* 713 S.W.2d at 504; *In re Staab,* 719 S.W.2d 780, 781 (Mo. banc 1986). In this case, this Court agrees with the conclusion of the Master that Hardge–Harris violated the rules charged in Count II, and we adopt the recommendation of the Master that Hardge–Harris be publicly reprimanded.

## COUNT I

■ Under Count I of the information Hardge–Harris was charged with violating Rules 1.1, 1.3, and 3.2. These charges arose from Hardge–Harris' representation of David McCrary in a federal bankruptcy

---

**1.** All references to rules are references to the Rules of Professional Conduct contained in Mis-souri Supreme Court Rule 4.

proceeding. On January 24, 1989, Hardge–Harris submitted a Motion to Dismiss on behalf of Mr. McCrary to Judge James J. Barta, Chief U.S. Bankruptcy Judge for the Eastern District of Missouri. Judge Barta overruled her motion. Hardge–Harris described herself as outraged by the decision. She obtained her client's permission to appeal at her own expense even though the client was indifferent to whether an appeal was taken. On April 3, 1989, Hardge–Harris filed a notice of appeal with the bankruptcy court and delivered a check for $105 drawn from her client escrow account to the clerk of the bankruptcy court. The check was returned unpaid because of insufficient funds.

The financial deputy clerk of the bankruptcy court called Hardge–Harris' law office on April 11, April 13, and April 17, 1989, informing Hardge–Harris' secretary that the check had not cleared due to insufficient funds and requesting payment. It appears that during this time period Hardge–Harris was out of the office because of an illness. Hardge–Harris' secretary testified that it was her procedure to call Hardge–Harris at her home and advise Hardge–Harris of these calls. She said Hardge–Harris was always at home during this illness and the only time she could not contact Hardge–Harris was when the line was busy. On April 18, 1989, the financial deputy clerk again contacted Hardge–Harris or her secretary requesting payment. According to the testimony of the financial deputy clerk, it was agreed that the money to cover the check would be brought to the court on April 19, 1989. This payment, however, was not made on April 19, 1989.

On April 24, 1989, after these repeated notifications that the check had been dishonored, the appeal was dismissed for failure to pay the filing fee. On May 24, 1989, Judge Barta filed a complaint against Hardge–Harris with The Missouri Bar. More than two months after the check was returned unpaid because of insufficient funds, on June 8, 1989, Hardge–Harris paid it under protest along with a $25 administrative fee.

Rule 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Rule 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." Rule 3.2 provides: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

 In disciplinary proceedings, this Court will determine whether a violation occurred "by a preponderance of the evidence." *In re Staab*, 719 S.W.2d at 781, quoting, *In re Elliott*, 694 S.W.2d 262, 263 (Mo. banc 1985). Consistent with the fact that he did not want to appeal in the first place, Mr. McCrary testified that he was not bothered by the fact that the appeal was dismissed. The fact that the client had no objection to Hardge–Harris' conduct would not necessarily excuse unethical conduct. On the other hand, Rules 1.1, 1.2, and 3.2 are written in terms of the interests of the client so that the client's acquiescence in Hardge–Harris' conduct is relevant to determine if there was a violation of those particular rules. The Master concluded that Mr. McCrary was not prejudiced by Hardge–Harris' actions because he did not want to appeal in the first place. Therefore, the Master did not recommend a finding of violations on Count I. Under the unique circumstances of this case, we concur.

Even though we concur with the conclusion of the Master on Count I, we do not condone the cavalier attitude that Hardge–Harris exhibited in regard to her responsibility to promptly honor the check. Hardge–Harris testified that she knew the check was returned unpaid because of insufficient funds and that she said she would take care of it but that "[she] did not know there was an urgency in it." It is of great concern to this Court that any lawyer with a check bouncing around the federal courthouse would not feel some urgency to get it paid. This Court does not condone this cavalier attitude toward an attorney's responsibility to a client and to a court.

## COUNT II

■ On Count II Hardge–Harris is charged with violating Rules 8.1 and 8.4. Rule 8.1 provides in pertinent part: "[A] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from ... [a] disciplinary authority...." Rule 8.4 in pertinent part provides: "It is professional misconduct for a lawyer to: ... (d) engage in conduct that is prejudicial to the administration of justice; ...."

■ The legal profession has long followed a self-regulating approach to professional responsibility and enforcement of ethical obligations of the profession. One aspect of self-regulation is that practicing attorneys volunteer their time and expertise to serve on the various discipline committees. In performing these services to the profession, they assume heavy responsibilities to perform what is often an unpleasant and thankless task of passing judgment on other lawyers. These services require considerable commitments of time and effort for which the members of the committees are not paid. They are entitled to expect courteous and prompt cooperation from all members of the profession including those who are charged with wrongdoing. *In re Tessler,* 783 S.W.2d 906, 910 (Mo. banc 1990); *In re Staab,* 719 S.W.2d at 784.

■ Another important feature of this self-regulating system is that we expect the members of the Bar to deal promptly and candidly with any charges that may be brought against them. Prompt responses to a request for documents or other evidence not only expedite the process but also reflect on the willingness of the attorney to resolve any allegations of professional wrongdoing. The individual attorney's responsibility to the profession in this respect is no less important than the attorney's ethical responsibility to a client and to the court.

In a letter dated February 1, 1990, Hardge–Harris was notified by the Bar Committee of the Twenty–Second Judicial Circuit to provide four documents. These four documents were (1) the check that was deposited into her client escrow account, (2) the client escrow account bank statement reflecting the transaction as well as activity in the account for the period in question, (3) the motion for filing a brief and the brief filed for David McCrary, and (4) documentation of her illness and absence from her office in April 1989. The letter requested Hardge–Harris to provide these documents to the Committee as soon as possible and before the Committee's February 23, 1990, meeting. Hardge–Harris did not produce the documents as requested.

On March 23, 1990, Hardge–Harris appeared before the Committee and a brief hearing occurred. At this hearing, Hardge–Harris acknowledged receiving the February 1, 1990, letter requesting these documents. She also indicated that she had a telephone conversation with a special representative from the Committee concerning the production of these documents. At this time, Hardge–Harris presented a document from her bank showing that she received notice on April 3, 1989, that her client escrow account was overdrawn because another client's check failed to clear. Because she had already written a check out of the account for the other client's costs, the check for the filing fee for the McCrary appeal was not honored due to insufficient funds. This document, however, was not one of the requested documents. She did not produce any other documents at this hearing.

On November 30, 1990, another hearing was held concerning the Hardge–Harris matter. The documents that had been requested in the February 1, 1990, letter were again not produced. Hardge–Harris asked at this time for a ten-day extension in which to produce these documents and assured the Committee that she would comply. This request was granted. But again, Hardge–Harris failed to comply with the request and did not produce any of these documents before the ten days expired. Finally, after a Master was appointed and a hearing was held on April 16, 1992, more than two years after receiving the letter requesting documents, Hardge–Harris produced some of the requested documents.

In this matter, Hardge–Harris was extremely lackadaisical and evasive about producing the requested documents. The Master found that Hardge–Harris violated Rules 8.1 and 8.4 by failing to cooperate with the Bar Committee of the Twenty–Second Judicial Circuit in not promptly providing requested documents. The Master concluded that Hardge–Harris' actions warrant a public reprimand. We adopt the recommendation of the Master.

It is ordered that Hardge–Harris be and she is hereby publicly reprimanded.

All concur.